[Cite as *State v. Johnson*, 2017-Ohio-1480.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

       Appellee

v.

Ethan Johnson

       Appellant

Court of Appeals Nos. S-16-015
                S-16-036

Trial Court Nos. 15CR116
               14CR1063

**DECISION AND JUDGMENT**

Decided: April 21, 2017

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from an April 11, 2016 sentencing judgment of the Sandusky County Court of Common Pleas, sentencing appellant to a one-year term of incarceration following appellant's conviction of one count of the unlawful conveyance of prohibited items into a detention center, in violation of R.C. 2921.36(A), a felony of

the third degree. The sentence was ordered to run consecutive to appellant's one-year term of incarceration imposed in a separate felony nonsupport case. In exchange, two other felony charges pending against appellant were dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Ethan Johnson, sets forth the following two assignments of error:

One. Appellant was deprived of his right to Due Process when he was sentenced in Case No. 14CR1063.

Two. The trial court erred in imposing a consecutive sentence in Case No. 15CR116 without making statutorily required findings.

{¶ 3} The following undisputed facts are relevant to this appeal. In March of 2015, appellant was granted entry into a court sponsored diversion program following his failure to comply with court ordered child-support payments. Appellant had accumulated a total arrearage of approximately $10,000.

{¶ 4} Subsequently, on November 23, 2015, appellant was found to be in breach of the mandatory requirements of the diversion program. As such, appellant was terminated from the diversion program. On April 6, 2016, the stay on appellant's prior plea was removed, and appellant was ordered to serve the previously stayed term of incarceration.

{¶ 5} In conjunction with the above, on January 27, 2015, appellant committed a traffic violation while driving his motor vehicle in Fremont, Ohio. The police officer who stopped appellant detected the odor of raw marijuana emanating from appellant.

2.

Appellant falsely denied possessing marijuana on his person. Oxycodone pills and drug paraphernalia were recovered from appellant's person. Appellant was asked if he had any other drugs or unlawful items on his person prior to being transported to the Sandusky County Jail. Appellant falsely denied possessing any additional drugs or contraband and was processed into jail.

{¶ 6} While in jail, prison officers recovered a large bag of marijuana from appellant's person that appellant had concealed inside the front of his pants. Subsequently, on April 11, 2016, pursuant to a voluntarily negotiated plea arrangement, appellant pled guilty to one count of the illegal conveyance of prohibited items into a detention center, in violation of R.C. 2921.36(A), a felony of the third degree. In exchange, two other felony offenses pending against appellant were dismissed.

{¶ 7} Appellant was sentenced to a less than maximum term of incarceration of one year, ordered to run consecutively to the one-year term of incarceration imposed several weeks earlier following appellant's failure to comply with the terms of the felony nonsupport diversion program. This appeal ensued.

{¶ 8} In the first assignment of error, appellant alleges that his due process rights were breached in connection to the April 6, 2016 felony nonsupport sentencing hearing. Appellant's argument is wholly premised on the notion that the record shows that appellant was cognitively compromised at the time of the April 6, 2016 hearing. The record of evidence does not bear out this claim and, thus, we do not concur.

3.

{¶ 9} In support of appellant's first assignment of error, appellant issues a series of unsupported conclusions. Appellant summarily concludes at the outset of the first assignment, "The record shows that appellant was going through withdraw[al] on April 8. The only reasonable inferences are that appellant was either (1) under the influence of drugs on April 6, or, (2) going through withdraw[al] on April 6." Appellant provides no evidentiary support from the record in support of this claim. Nevertheless, appellant concludes without reference to any supporting evidence in the record, "Clearly, appellant had been abusing drugs while on his own recognizance, before the sentencing hearing." Appellant's apparent suggestion that he somehow lacked the mental capacity for a valid sentencing hearing on April 6, 2016, does not comport with the record of evidence.

{¶ 10} On the contrary, the transcript of the April 6, 2016 sentencing hearing clearly shows appellant to be lucid, articulate, and demonstrative of sound mind.

{¶ 11} On April 6, 2016, appellee conveys to the trial court, "He failed to do anything on that diversion program to avail himself of the benefits. He then was revoked in November * * * [I]n fact, no payments have come in on this case since the inception of the diversion program to now." Counsel for appellant similarly stated, "Mr. Ross is right, he has not paid anything on the case * * * *I know it's late in the game at this point, and the Court has been extremely lenient with Mr. Johnson.*" (Emphasis added).

{¶ 12} Appellant then communicated at length directly with the trial court. The exchange reflects appellant to be clear, articulate, and demonstrating a sound mind during the disputed April 6, 2016 sentencing hearing. Appellant first relays, "I definitely do

4.

agree a lot with exactly how Mr. Exton has portrayed things * * * I understand that I have made mistakes and I take responsibility for those mistakes, sir."

{¶ 13} In response, the court inquires, "How do you explain not working over the last five years?" Despite appellant's prior clear acknowledgment of responsibility and accountability, he replies, "I just never had luck, sir." The court goes on to conclude, "*I don't know that we would be doing you any favors to continue you – you on Community Control. We gave you the equivalent of that – actually, a better deal when we put you in the diversion program about two years ago, and you paid no attention to that.*" (Emphasis added). The court proceeded to further emphasize that in addition to a complete lack of cooperation with the diversion program, appellant also accumulated additional, separate criminal charges while placed in the diversion program, has a lengthy criminal record, and a history of probation violations both as a juvenile and an adult. The court then sentenced appellant to a one-year term of incarceration.

{¶ 14} The record is devoid of any independent, objective evidence in support of appellant's post-hoc assertion of being cognitively compromised so as to somehow invalidate the April 6, 2016 sentencing hearing. Conversely, the record encompasses ample evidence of appellant exhibiting a clear mind, and sound reasoning skills during lengthy exchanges directly between appellant and the trial court on April 6, 2016.

{¶ 15} Wherefore, we find appellant's first assignment of error not well-taken.

5.

{¶ 16} In the second assignment of error, appellant alleges that the trial court failed to make the necessary R.C. 2929.14(C)(4) findings required in the course of the imposition of a consecutive sentence.  We do not concur.

{¶ 17} We have carefully reviewed and considered the record of evidence in this matter, paying particular attention to the April 11, 2016 sentencing transcript, in order to assess the veracity of appellant's claim.

{¶ 18} The record reflects that appellant possesses a lengthy criminal history, including multiple felony offenses.  The record reflects that appellant engaged in unrelated, separate acts constituting felony offenses during the time frame applicable to this case.  The record reflects that appellant has repeatedly been granted considerable leniency during his history of prior interactions with the judicial system.

{¶ 19} As pertaining specifically to the instant matter, appellant was initially granted diversion in lieu of incarceration in connection to the felony nonsupport, and was sentenced to a less than maximum one-year term of incarceration following his conviction of the illegal conveyance of unlawful items into a detention center, in violation of R.C. 2921.36, a felony of the third degree.

{¶ 20} Pursuant to R.C. 2929.14(A)(3)(b), appellant could have been sentenced to a maximum three-year term of incarceration.  In conjunction with this, the record reflects appellant was furnished multiple opportunities to discard all unlawful items from his person prior to entry into the detention center.  Appellant falsely denied retaining any

6.

unlawful items on his person while simultaneously concealing a bag of marijuana inside the front of his pants.

{¶ 21} The record reflects that in the course of the disputed sentencing, appellee conveyed to the trial court at the outset of the hearing, "[The] state has recommended an additional year sentence. Certainly, that would seem to be appropriate under the circumstances. He's getting a break because it's towards the low end, and [appellant] is getting another case dismissed and [appellee] would suggest that the criteria for consecutive sentence is appropriate and that a single sentence would not adequately punish the offender under these circumstances." The record reflects that the trial court concurred in appellee's assessment.

{¶ 22} The record reflects that the trial court ultimately went on to conclude, "I mean, it is your life. You're responsible for it. I don't know that you've taken -- taken it seriously enough to date * * * [S]o my job is to protect the public from future crime and to impose an appropriate punishment."

{¶ 23} Although appellant concedes that the sentencing court properly concluded that a consecutive sentence was necessary to protect the public from future crime, appellant nevertheless concludes without specificity that the trial court failed to make other necessary R.C. 2929.14(C)(4) findings.

{¶ 24} Regardless, we find that the sentencing transcript, reviewed in its entirety, clearly shows that the trial court found that a consecutive sentence was necessary to protect the public from future crime, was not disproportionate to the seriousness of the

7.

conduct, and the history of criminal conduct demonstrated the necessity of a consecutive sentence. Therefore, we find that the trial court complied with R.C. 2929.14(C)(4).

{¶ 25} Wherefore, we find that the trial court did not err in imposing consecutive sentences. Appellant's second assignment of error is found not well-taken. The judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.            _____

                                                               JUDGE

Thomas J. Osowik, J.     

                                         _____

James D. Jensen, P.J.                                            JUDGE
CONCUR.

                                               _____

                                                               JUDGE

8.